IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARY CLAIRE MATERNA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 2:19-cv-2224 ) |
| JOHN DOE AKA ALI and UBER TECHNOLOGIES, INC., | ) JURY DEMAND ) ) |
| Defendants. | ) ) |

## UBER TECHNOLOGIES, INC.'S NOTICE OF REMOVAL

COMES Defendant UBER TECHNOLOGIES, INC. ("Uber") and, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446(b) respectfully shows the Court:

**I.  BACKGROUND**

On March 22, 2019, Uber was served with a summons and Complaint, attached hereto as *Exhibit A*, in a case styled *Mary Claire Materna v. John Doe, etc. and Uber Technologies, Inc.*, Civil Action No. CT-0926-19 in the Circuit Court for Shelby County, Tennessee. Uber understands that there was an ineffective attempt to serve John Doe aka Ali ("John Doe") with process on or about March 22, 2019.

**II.  BASIS FOR REMOVAL**

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because complete diversity exists between Plaintiff, Uber, and John Doe and the amount in controversy exceeds $75,000. Plaintiff is a citizen of the State of Pennsylvania. Compl., ¶ 1. Uber is, and was at all times relevant to this case, a Delaware corporation with its principal place of business in

California, and duly licensed to operate and do business in the State of Tennessee. The State of Tennessee is not Uber's principal place of business. Accordingly, Uber is deemed to be a citizen of the States of Delaware and California for diversity purposes. 28 U.S.C. § 1332(c)(1) (2019). The citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b)(1) (2019). Therefore, John Doe's citizenship should be disregarded. No Defendant was a citizen of the State of Tennessee at the time that Plaintiff commenced her lawsuit, and no Defendant is presently a citizen of the State of Tennessee.

In her Complaint, Plaintiff prays for compensatory damages totaling $10,000,000. Compl. at Prayer for Relief. Consequently, the amount in controversy here is $10,000,000, an amount in excess of $75,000.

### III. UBER HAS MET ALL PROCEDURAL REQUIREMENTS FOR REMOVAL

This Notice of Removal is filed within 30 days of service of the Summons and Complaint on Uber. Uber understands that the court file in the Circuit Court for Shelby County, Tennessee contains the Complaint, Returns of Service on each Defendant and nothing else, and Uber has not been served with anything besides the Summons and Complaint. A true copy of this Notice of Removal is concurrently filed with the Circuit Court for Shelby County, Tennessee as required by 28 U.S.C. §1446(d). Because John Doe's citizenship is disregarded for removal purposes under 28 U.S.C. § 1441(b)(1) (2019), a notice of consent is not necessary in this case.

WHEREFORE, Defendant Uber Technologies, Inc. gives notice that the action now pending against it in the Circuit Court for Shelby County, Tennessee has been removed therefrom to this Court.

Dated the 10th day of April, 2019.

>Respectfully submitted,
>
>LEWIS, THOMASON
>KING, KRIEG & WALDROP, P.C.
>
>By:/s/ *Peter B. Winterburn*
>PETER B. WINTERBURN (#25768)
>40 South Main, Suite 2900
>Memphis, TN 38103
>(901) 525-8721
>
>*Attorney for Defendant*
>*Uber Technologies, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the forgoing Notice of Removal has been served upon the counsel for the parties in interest herein by operation of the court's electronic case filing system.

Louis P. Chiozza, Jr. (#8871)
230 Adams Avenue
Memphis, TN 38103
(901) 526-9494

*Attorney for Plaintiff*

Dated this 10th day of April, 2019.

>/s/ *Peter B. Witnerburn*
>PETER B. WINTERBURN

8749315