ELECTRONICALLY FILED
2019 Mar 04 1:41 PM
CLERK OF COURT

### IN THE CIRCUIT COURT OF TENNESSEE FOR
### THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**MARY CLAIRE MATERNA**

    **Plaintiff,**

**Vs**

**DEFENDANT JOHN DOE AKA ALI and
UBER TECHNOLOGIES, INC**

    **Defendants.**

Docket: CT-_____-19

Division: _____

**JURY DEMANDED**

### COMPLAINT FOR NEGLIGENCE

COMES NOW, the Plaintiff, MARY CLAIRE MATERNA, and for cause of action against the Defendants, and each of them, complains and alleges as follows:

### JURISDICTION AND VENUE

1. MARY CLAIRE MATERNA is an adult and resident of Wilkes-Barre, Pennsylvania.

2. Defendant, John Doe aka ALI, is an unknown person and may be served at care of UBER TECHNOLOGIES, INC at CT Corporation Systems at 300 Montvue Road, Knoxville, Tennessee 37919-5546.

Defendant UBER TECHNOLOGIES, INC. (Hereafter "UBER") is a California corporation, duly licensed to operate and do business in the State of Tennessee and was doing business in Memphis, Tennessee. At all times herein mentioned, defendant UBER is a "common carrier" or "carrier for hire" within the meaning of Tennessee law. Defendant, UBER TECHNOLOGIES, INC. have named their register agent for service of process as


EXHIBIT 1

C T Corporation Systems at 300 Montvue Road, Knoxville, Tennessee 37919-5546.

3. Plaintiff is informed and believes and thereon always alleges that herein mentioned Defendant Doe Driver "ALI" (hereafter "ALI") was an individual residing and/or doing business City of Memphis, State of Tennessee. Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned, defendant ALI was employed as a driver by Defendant Uber Technologies, Inc., and was acting within the course and scope of that employment.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants was the agent, servant, and employee of the remaining Defendants, and at all times herein mentioned, each was acting within the time, place and scope of said agency and employment.

5. Defendant UBER provides prearranged transportation services for compensation using an online enabled smart phone application ("the Uber App") to connect passengers with drivers.

6. For each passenger trip, defendant UBER controls the financial transaction between the customer, UBER and the driver. A customer hails an UBER driver through the UBER app downloaded on the customer's smart phone; UBER calculates the customer fare based on location information from a GPS enabled mobile device; defendant UBER then receives the customer fare by charging the credit card the customer provided to UBER when registering her/his personal information on the UBER app; and then defendant UBER pays the driver her/his portion of the fare.

7. On or about March 2, 2018, at approximately 9:45 p.m., Plaintiff had utilized the Uber App on her smart phone and defendant ALI was dispatched by defendant UBER

to provide transportation services to Plaintiff to return her to the Hilton Hotel in Memphis.

8. Upon returning to her room, Plaintiff realized that she had left an item in defendant ALI's car and utilized the UBER App to request that defendant ALI return the item to her in her Hotel.

9. Rather than leave Plaintiff's lost item at the front desk of the Hotel, Defendant ALI brought the item directly to Plaintiff's hotel room. Defendant ALI knocked on Plaintiffs hotel room door. Plaintiff answered the door thinking it was the hotel staff. Plaintiff cracked her hotel room door and realized it was defendant Ali. She attempted to quickly close the hotel room door telling defendant Ali that she had to get dressed. Despite plaintiff telling defendant Ali to wait as she closed the door, Defendant ALI started to open Plaintiff's hotel room door. Plaintiff yelled at defendant Ali telling him not to come into the room. Despite plaintiff yelling at Defendant Ali not to come into the room, defendant forced his way into Plaintiff's room. Defendant Ali approached plaintiff despite the fact that she was undressed and yelling at him to leave the room. Defendant Ali grabbed plaintiff by the arm and repeatedly asked plaintiff to kiss him. Plaintiff continued to scream at defendant Ali to leave the room. At all times herein, plaintiff thought that defendant Ali was going to attempt to rape her and that she would need to fight for her life. Defendant Ali eventually left her room.

10. Immediately after the incident with defendant ALI, Plaintiff reported the events to the Memphis Police Department. Immediately after the incident with defendant Ali, plaintiff complained about defendant Ali and reported the incident to UBER through the UBER App's Complaint system. Rather than terminate defendant ALI from his status as an UBER driver, defendant UBER ratified its driver Defendant ALI's behavior by

allowing him to continue in his employment.

## COUNT 1
### (Assault against Defendants ALI and, UBER)

11. Plaintiff realleges and incorporates by reference paragraphs 1 through 10, Inclusive as if set forth in full herein.

12. The acts of Defendant ALI caused Plaintiff to reasonably fear imminent bodily injury.

13. At no time did plaintiff consent to any of the actions of defendant ALI.

14. As a common carrier/carrier for hire defendant UBER is vicariously liable for the acts committed by defendant ALI.

15. As a direct and proximate result of the acts of defendants ALI and UBER and each of them, plaintiff was hurt and injured in her health strength and activity sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering. The full nature and extent of these injuries are not now known to plaintiff, and leave is requested to amend this complaint to conform to proof at time of trial. Plaintiff is informed and believes that such injuries will result in some permanent disability to herself. As a result of said injuries, plaintiff has suffered general damages in a sum to be shown according to proof at time of trial.

16. As a direct and proximate result of the acts of defendants ALI and UBER and each of them, plaintiff was compelled to and did incur expenses for medical care, hospitalization, and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to her. Plaintiff therefore asks leave of court either to amend this complaint so as to show the true amount of Plaintiff's

medical expenses when ascertained, or to prove said amounts at the time of trial.

17.  As a further direct and proximate result of the acts of defendants ALI and UBER and each of them, and the resulting injuries, plaintiff is disabled and may be disabled in the future and thereby be prevented from obtaining or attending an occupation. Plaintiff therefore will lose earnings in the future, all in amounts presently unknown to Plaintiff. Plaintiff asks leave of Court either to show the amount of her lost earnings, when ascertained, or to prove said amount at the time of trial.

18.  The acts of defendants ALI and UBER and each of them, as alleged above, was willful and malicious and was intended to oppress and cause injury to plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount to be shown according to proof at time of trial.

## COUNT 2

### (Negligent Supervision against defendant UBER)

19.  Plaintiff realleges and incorporates by reference paragraphs 1 through 18, Inclusive as if set forth in full herein.

20.  As a common carrier or carrier for hire, Defendant UBER, owed to its customers, including Plaintiff the utmost duty of care to at all times to supervise the conduct of its employee drivers and to enforce those rules and regulations necessary for the protection of passengers utilizing its service. Defendant UBER had a duty to enact policies and procedures that prevented its driver employees from being alone and unsupervised with passengers in their home or place of residence.

21.  Defendant UBER was negligent and careless in that they failed to exercise ordinary care in supervising the conduct of defendant ALI and in failing to enact policies

and procedures that prevented its driver employees from being alone and unsupervised with passengers in their home or place of residence.

22. As a direct and proximate result of the negligence of defendant UBER plaintiff was hurt and injured in her health strength and activity sustaining injury to her body and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering. The full nature and extent of these injuries are not now known to plaintiff, and leave is requested to amend this complaint to conform to proof at time of trial. Plaintiff is informed and believes that such injuries will result in some permanent disability to herself. As a result of said injuries, plaintiff has suffered general damages in a sum to be shown according to proof at time of trial.

23. As a direct and proximate result of the negligence of defendants UBER, plaintiff was compelled to and did incur expenses for medical care, hospitalization, and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to her. Plaintiff therefore asks leave of court either to amend this complaint so as to show the true amount of Plaintiff's medical expenses when ascertained, or to prove said amounts at the time of trial.

24. As a direct and proximate result of the negligence of defendant UBER Plaintiff was disabled and may be disabled in the future and thereby be prevented from attending to the duties of Plaintiff's usual occupation. Plaintiff has therefore lost earnings and may continue to lose earnings in the future, all in amounts presently unknown to Plaintiff. Plaintiff asks leave of Court either to show the amount of her lost earnings, when ascertained, or to prove said amount at the time of trial.

25. Plaintiff alleges that as a direct and proximate result of the heretofore described negligent acts of the Defendants, and resulting from the attack and or assault on Plaintiff sustained serious, multiple, disabling, and permanent injuries, including, but not limited to;

MARY CLAIRE MATERNA:

    a) Anxiety;

    b) Emotional trauma;

    c) Physiological injuries;

    d) Bruising;

    e) Personal injuries;

    f) Pain and suffering.

**WHEREFORE,** Plaintiff, MARY CLAIRE MATERNA sue the Defendants, JOHN DOE AKA ALI, and UBER TECHNOLOGIES, INC for personal injuries, pain and suffering, loss of income, loss of earning capacity, prejudgment interest and medical expenses for the sum of TEN MILLION ($10,000,000.00) and for such other and further relief as the Court deems just and proper under Tennessee Law. Plaintiff demands a jury to try the issues when joined.

Respectfully Submitted,

Louis P Chiozza, Jr.    #8871
230 Adams Avenue
Memphis, TN 38103
Lou@chiozzalaw.com
(901) 526-9494