# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARY CLAIRE MATERNA, | ) | |
| | ) | |
| Plaintiff, | ) | No.:  2:19-cv-02224-TLP-cgc |
| | ) | |
| v. | ) | JUDGE THOMAS L. PARKER |
| | ) | |
| JOHN DOE AKA ALI and UBER TECHNOLOGIES, INC., | ) ) | MAGISTRATE JUDGE CHARMIANE G. CLAXTON |
| | ) | |
| Defendants. | ) | JURY DEMAND |
| | ) | |

## ANSWER OF DEFENDANT UBER TECHNOLOGIES, INC.

Defendant, Uber Technologies, Inc. ("Defendant"), by and through counsel, in response to the allegations contained in the Complaint of Plaintiff Mary Claire Materna ("Plaintiff"), states as follows:

### JURISDICTION AND VENUE

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Plaintiff's Complaint and therefore denies the same and demands strict proof.

2. Defendant denies the allegations contained in the first grammatical sentence of Paragraph 2 of Plaintiff's Complaint.

In response to the allegations contained in the second grammatical sentence of Paragraph 2 of Plaintiff's Complaint, Defendant admits that it is a California corporation, duly licensed to operate and do business in the State of Tennessee, but it denies the remaining allegations contained therein. Defendant denies the allegations contained in the third grammatical sentence

of Paragraph 2 of Plaintiff's Complaint. In response to the allegations contained in the fourth grammatical sentence of Paragraph 2 of Plaintiff's Complaint, Defendant admits that its registered agent in Tennessee is CT Corporation System at 300 Montvue Road, Knoxville, Tennessee 37919-5546.

3. Denied.

4. Denied. Further, Defendant states that the Plaintiff has improperly pled conclusions of law regarding agency.

5. Denied.

6. Denied.

7. Denied.

8. The allegations contained in Paragraph 8 of the Plaintiff's Complaint are not directed to this Defendant and no response is required of this Defendant. Further, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore, denies each and every one and demands strict proof.

9. The allegations contained in Paragraph 9 of the Plaintiff's Complaint are not directed to this Defendant and no response is required of this Defendant. Further, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore, denies each and every one and demands strict proof.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first grammatical sentence of Paragraph 10 of Plaintiff's Complaint. In response to the second grammatical sentence of Paragraph 10 of the

Plaintiff's Complaint, Defendant states that Plaintiff reported the incident to Defendant. All remaining allegations of Paragraph 10 of the Plaintiff's Complaint are denied. Further, Defendant states that the Plaintiff has improperly pled conclusions of law regarding agency.

### **COUNT 1 – ASSAULT AGAINST DEFENDANTS ALI AND UBER**

11. Defendant incorporates by reference its responses to Paragraphs 1-10 of the Plaintiff's Complaint.

12. The allegations contained in Paragraph 12 of the Plaintiff's Complaint are not directed to this Defendant and no response is required of this Defendant.

13. The allegations contained in Paragraph 13 of the Plaintiff's Complaint are not directed to this Defendant and no response is required of this Defendant.

14. The allegations in Paragraph 14 of Plaintiff's Complaint are denied. Further, Defendant states that the Plaintiff has improperly pled a conclusion of law regarding agency.

15. The allegations in Paragraph 15 of Plaintiff's Complaint against this Defendant are denied.

16. The allegations in Paragraph 16 of Plaintiff's Complaint against this Defendant are denied.

17. The allegations in Paragraph 17 of Plaintiff's Complaint against this Defendant are denied.

18. The allegations in Paragraph 18 of Plaintiff's Complaint against this Defendant are denied.

### **COUNT 2 – NEGLIGENT SUPERVISION AGAINST DEFENDANT UBER**

19. Defendant incorporates by reference its responses to Paragraphs 1-18 of the Plaintiff's Complaint.

20. The allegations in Paragraph 20 of Plaintiff's Complaint are denied. Defendant additionally states that states that the Plaintiff has improperly pled conclusions of law and has improperly referred to Defendant as a "common carrier" or "carrier for hire."

21. The allegations in Paragraph 21 of Plaintiff's Complaint are denied.

22. The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied. Further, Defendant states that the Plaintiff has improperly pled conclusions of law.

23. The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied. Further, Defendant states that the Plaintiff has improperly pled conclusions of law.

24. The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied. Further, Defendant states that the Plaintiff has improperly pled conclusions of law.

25. The allegations contained in Paragraph 25 of Plaintiff's Complaint, and its subparagraph, are not directed to Defendant, and therefore no response is required. Defendant cannot answer on behalf of other defendants. However, to the extent any of the allegations in Paragraph 25 of Plaintiff's Complaint and its subparagraphs are directed to and/or construed against Defendant, same are denied. Further, Defendant states that the Plaintiff has improperly pled conclusions of law.

26. The allegations contained in the *ad damnum* portion of Plaintiff's Complaint are denied. Defendant further denies that the Plaintiff suffered any injuries or damages as a proximate result of any negligence or wrongdoing on the part of Defendant. Defendant demands strict proof of all injuries, losses, and/or damages claimed.

## **AFFIRMATIVE DEFENSES**

27. Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

28. Defendant affirmatively asserts, under the doctrine of comparative fault, that the Plaintiff failed to exercise ordinary care for her safety and that such negligence bars the Plaintiff from recovery or reduces any damage award she may receive by the percentage amount of her own negligence. Further, to the extent the Plaintiff's injuries and damages were caused by others, including John Doe aka ALI, those individuals and/or entities shall be assessed the total percentage of fault for which they are responsible.

29. Defendant affirmatively asserts that at no time or place set forth in Plaintiff's Complaint did any other defendant operate as the agent or employee of Defendant, such that Defendant can be held vicariously liable for their acts. Should any other defendant be deemed to have any affiliation with Defendant, then such other defendant was an independent contractor responsible for his, her, or its means and methods, making the doctrine of *respondeat superior* inapplicable.

30. Defendant is informed and believes, and thereon alleges, that defendant John Doe aka ALI is contractually obligated to defend, indemnify, and hold Defendant harmless for all claims asserted by the Plaintiff.

31. Defendant affirmatively asserts, to the extent the Plaintiff has failed to comply with the pertinent provisions of the Affordable Care Act, the Plaintiff is barred from the recovery of any future medical bills.

32. Defendant submits that the provisions and limitations found in T.C.A. section 29-39-101, *et seq.*, are applicable to the Plaintiff's claims for damages as to it. Defendant affirmatively pleads all applicable sections of such law.

33. Defendant serves notice upon the Plaintiff that its investigation of this matter is not yet complete, and it is without sufficient information or knowledge at this time regarding the

assertion of any additional cross-claims, counterclaims, and/or third party claims against any other parties and specifically reserves the right to amend this Answer to include such cross-claims, counterclaims, and/or third party claims as appropriate as investigation and discovery in this matter continues.  Defendant further reserves the right to amend this Answer and plead and/or delete additional facts and/or defenses as may be supported by said discovery, including, but not limited to, assumption of the risk, independent and intervening causes, acts of third parties, sudden emergency, unavoidable accident, preexisting condition, and failure to mitigate damages.

34. All allegations of Plaintiff's Complaint not hereinabove admitted, explained, or denied are here and now specifically, singularly, and categorically denied.  Defendant states further that if it was negligent in any respect, which is expressly denied, this negligence was not the proximate cause of any injury or damage to the Plaintiff.

WHEREFORE, Defendant, Uber Technologies, Inc., denies that it is liable to Plaintiff, Mary Claire Materna, for any amount and respectfully requests that it be dismissed from this lawsuit with costs taxed to the Plaintiff and/or that it be granted such other and further relief as the Court deems appropriate and further demands a jury to try this cause.

Respectfully submitted,

**LEWIS THOMASON**

By: s/*Peter B. Winterburn*
 Peter B. Winterburn (TN BPR #25768)
 Lewis Thomason
 One Commerce Square
 40 S. Main Street, Suite 2900
 Memphis, TN  38103
 (901) 525-8721
 pwinterburn@lewisthomason.com
 *Attorney for Defendant, Uber Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing ANSWER OF DEFENDANT UBER TECHNOLOGIES, INC. has been served via the Court's ECF system this 17th day of April, 2019.

Louis P. Chiozza, Jr. (#8871)
230 Adams Avenue
Memphis, TN 38103
(901) 526-9494
lou@chiozzalaw.com
*Attorney for Plaintiff*

                                                  s/*Peter B. Witnerburn*
                                                  Peter B. Winterburn

8764789