# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARY CLAIRE MATERNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 2:19-cv-02224-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| UBER TECHNOLOGIES, INC. and ) | |
| JOHN DOE a/k/a ALI, ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION TO REFER CASE TO MEDIATION AND STAY PROCEEDINGS

Plaintiff MARY CLAIRE MATERNA ("Ms. Materna") and Defendant UBER TECHNOLOGIES, INC. ("Uber"), by and through their respective counsel, jointly move the Court to enter an order referring this case to mediation, cancelling the Rule 16 scheduling conference presently set for July 24, 2019 at 9:00 AM, and staying the deadlines set forth in the Court's Notice of Setting. In support of their motion, the parties state as follows:

1. On April 10, 2019, this case was removed to the Western District of Tennessee.

2. On July 2, 2019, the Court entered its Notice of Setting (ECF No. 10) setting a scheduling conference for July 24, 2019 at 9:00 AM and directing the parties to submit a proposed discovery plan and proposed scheduled order seven days prior to the scheduling conference.

3. Pursuant to Plan for Alternative Dispute Resolution in the United States District Court for the Western District of Tennessee (the "ADR Plan"), all civil cases *shall* be referred to mediation. *See* ADR Plan § 2.1(a) (making ADR mandatory in civil cases); § 4.1(a) ("The cases referred for ADR will proceed to Mediation.").

4. It is the policy of the State of Tennessee to encourage settlements. *See Harbour v. Brown*, 732 S.W.2d 598, 599 (Tenn. 1987) ("The resolution of disputes by agreement of the parties is to be encouraged."); *Third Nat'l Bank v. Scribner*, 212 Tenn. 400, 410, 370 S.W.2d 482, 487 (1963) ("The policy of the law is to favor compromise."); *see also Edwards v. Travelers Ins. of Hartford*, 563 F.2d 105, 116 (6th Cir. 1977) (explaining that settlements are favored under Tennessee law because they allow the parties to resolve a dispute without resort to litigation).

5. A motion to stay is a request for a court to pause the proceedings in the case until the happening of a contingency. *See Stay of Action*, Ballentine's Law Dictionary (3d ed. 2010).

6. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). More recently, as the Eleventh Circuit has explained, "district courts have inherent, discretionary authority to issue stays in many circumstances, and granting a stay to permit mediation (or to require it) will often be appropriate." *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008).

7. In considering a motion to stay, a district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequality to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by the stay. *See Esperson v. Trugreen Ltd. P'ship*, No. 10-2130-STA, 2010 U.S. Dist. LEXIS 64637, at *5 (W.D. Tenn. June 29, 2010).

8. The parties have met and conferred and believe that this case is suitable for resolution via mediation.

9. To this end, the parties have agreed to work together in good faith to schedule the mediation conference as soon practically possible and to notify the Court thereafter as to the status of the case.

10. Accordingly, before the parties incur further significant attorney's fees and costs for prosecuting and defending this action, it would be appropriate to stay this case pending a formal mediation conference. *See, e.g.*, *Excel Concrete Constr., Inc. v. United Rentals (N. Am.), Inc.*, No. 17-CV-1506 JLS (BLM), 2017 U.S. Dist. LEXIS 173504, at *2 (S.D. Cal. Oct. 18, 2017) (granting joint motion to stay pending mediation and vacating all deadlines including a hearing on a motion to dismiss when the parties voluntarily agreed to mediate); *House of Bryant Publs, LLC v. City of Rocky Top*, 2015 U.S. Dist. LEXIS 180490 * (E.D. Tenn. October 2, 2015) (referring case to mediation and staying the case pending the mediation when no party opposed mediation).

11. A stay would allow the parties to focus on a comprehensive settlement without expending unnecessary time and money on the instant litigation. A brief stay would also conserve the Court's judicial resources. In short, all factors militate in favor of granting a stay.

WHEREFORE, Plaintiff MARY CLAIRE MATERNA and Defendant UBER TECHNOLOGIES, INC. respectfully request that the Court enter an order referring this case to mediation, cancelling the Rule 16 scheduling conference presently set for July 24, 2019 at 9:00 AM, and staying the deadlines set forth in the Notice of Setting (ECF No. 10) directing the parties to submit a proposed discovery plan and proposed scheduled order in advance of the scheduling conference.

Respectfully submitted,

| | |
|---|---|
| **LEWIS, THOMASON, KING, KRIEG & WALDROP, P.C.** | **CHIOZZA LAW FIRM** |
| *s/ Isaac S. Lew* | *s/ Louis P. Chiozza, Jr. (with permission)* |
| Peter B. Winterburn (#25768) | Louis P. Chiozza, Jr. (#8871) |
| pwinterburn@lewisthomason.com | lou@chiozzalaw.com |
| Isaac S. Lew (#36702) | 230 Adams Ave. |
| ilew@lewisthomason.com | Memphis, TN 38103 |
| 40 S. Main St., Suite 2900 | Telephone: (901) 526-9494 |
| Memphis, TN 38103 | |
| Telephone: (901) 525-8721 | *Attorneys for Plaintiff* |
| Fax: (901) 525-6722 | |
| *Attorneys for Defendant Uber Technologies, Inc.* | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail through the CM/ECF system on this 15th day of July, 2019, on all counsel of record on the service list below.

*s/ Isaac S. Lew*
Isaac S. Lew

**Service List**

**Louis P. Chiozza, Jr., Esq.**
lou@chiozzalaw.com
CHIOZZA LAW FIRM
230 Adams Ave.
Memphis, TN 38103

*Attorneys for Plaintiff*